CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
September 26, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRIS EUGENE HOLLOWAY,    )<br>        Plaintiff,    )<br>    )<br>v.    )<br>    )<br>OFFICER A. BOWERS, *et al.*,    )<br>        Defendants.    ) | Civil Action No. 7:23-cv-00514<br><br>By: Elizabeth K. Dillon<br>    Chief United States District Judge |

**MEMORANDUM OPINION**

The plaintiff, Chris Eugene Holloway, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) Holloway was a Virginia inmate proceeding *pro se* at the time this action was filed. He alleges claims for false arrest against police officers A. Bowers and W.A. Wolverton. Defendants filed a motion to dismiss for failure to state a claim, or in the alternative, for summary judgment. (Dkt. No. 29.) Plaintiff did not file a response to this motion, which motion will be granted.

I. BACKGROUND

**A. Plaintiff's Complaint**

Plaintiff was detained at the Southwest Virginia Regional Jail in Front Royal when he filed this action. Holloway named as defendants Officer A. Bowers and Officer W.A. Wolverton of the Woodstock Police Department. Holloway named a third defendant, Dakota Steward, but this defendant was not served and was dismissed because plaintiff failed to provide an address for service. (Dkt. No. 18.)

In a verified complaint, Holloway asserts that he was wrongfully arrested and charged for several crimes based on events occurring June 9, 2023, including (1) attempting to destroy or

damage an ATM machine, (2) disorderly conduct, (3) assault and battery, (4) public intoxication, (5) trespass, and (6) attempted destruction of Shenandoah County property.

Plaintiff claims that Officer Bowers did not fully investigate the matter of his attempted destruction of an ATM (charge 1). (Compl. 2.) He argues that the statute under which he was charged does not apply to his situation because there was no damage to a veterans or civil war monument or memorial. Holloway also claims that security footage will prove that he never attempted to destroy the ATM.

On charges 2 and 3, Holloway claims that Dakota Steward (dismissed defendant) falsely accused him of assault and disorderly conduct at Dupont Community Credit Union. Plaintiff "just walked through the parking lot, minding my own business on my way to where I was living at the time." (Compl. 3.) Holloway states that he never came close enough to anyone to display such conduct, and that once again, video footage will prove his innocence. Plaintiff was walking through the parking lot when he saw a white car at the ATM machine around 7 or 7:30 p.m. There was also a pickup truck sitting behind the dumpster with a white male talking on his cell phone. Plaintiff "never [confronted] or said anything to anyone in an abusive manner. I really never said a word to either." (*Id.* at 4.) Video footage will "prove this to be true because it will show a person with a purple backpack crossing . . . this area not harming anyone or conducting himself in a disorderly way." (*Id.*)

Regarding charge 4, Holloway states that Officer Wolverton illegally arrested him for public intoxication at the Sheetz in Woodstock at 9:30 or 10:00 p.m. When he arrived at the jail for booking, a urine and breath test were both clear. (*Id.* at 5.) Video footage will also show that Holloway was not "appearing in an intoxicated condition" as Wolverton claimed. (*Id.* at 6.) Officer Wolverton detained Holloway inside the store before arresting him, which shows that

2

Wolverton did not think Holloway was intoxicated.  Also, Wolverton and Bowers failed to have their body cameras on because they did not want the footage to "prove them wrong." (*Id.*)

As to charge 5, the trespassing charge, Holloway asserts that he was not trespassing because he was never advised by a Sheetz staff member that he was not allowed on the premises.  Video will show Holloway in front of Sheetz at a table before the River Bandit game. (*Id.* at 6.)

For the last charge of destruction of property, Holloway contends against that the Virginia statute he was charged under only applies to veterans or civil war memorials.  Holloway tried to flush a toilet in the holding cell at the jail because it "smelled so bad it [would] make a dog sick." (*Id.* at 7.)

Plaintiff seeks an order for his release, punitive damages, and $10,000 in compensatory damages.

## B. Facts in Support of Defendants' Motion

Defendants provided Holloway's arrest records as exhibits in support of their motion. (Dkt. No. 30-1.)  Holloway entered a plea agreement and was sentenced on August 21, 2023.  Plaintiff was sentenced to 30 days on charge 1, 10 days on charge 2, 90 days on charge 3, and 30 days on charge 5.  (*See id.*)

## II.  ANALYSIS

### A. Motion to Dismiss[1]

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  "To survive a motion to

---

[1] Defendants submitted matters that are outside of the pleadings—Holloway's arrest and conviction records—but it is not necessary to convert this motion into a summary judgment motion. *See, e.g.*, *Odom v. McMaster*, C.A. No. 2:10-cv-00873-MBS, 2010 WL 3169375, at *5 (D.S.C. Aug. 6, 2010) (exhibits such as state court indictments and proof of conviction can be considered as matters of public record without converting Rule 12(b)(6) motion into a summary judgment motion).

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When reviewing a Rule 12(b)(6) motion to dismiss, the court must "accept as true all well-pleaded facts in a complaint and construe them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

**B. False Arrest**

Holloway's claims that his rights were violated when he was arrested are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged. The Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486–87. This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008). Public records indicate that Holloway received a prison sentence after pleading guilty to four of the six charges brought against him. This does not indicate a favorable termination. *See Phillips v. Campbell*, C/A 6:20-cv-04447-DCC-KFM, 2021 WL 11485284, at *3 (D.S.C. Apr. 5, 2021) (finding no favorable termination where § 1983

4

plaintiff pled guilty to charges forming basis of false arrest claim).  Thus, plaintiff's claims based on false arrest for the charges which resulted in a conviction are barred by *Heck* because he has not received a favorable termination of those charges.

To the extent that plaintiff's claims are not barred by *Heck*, they still do not state a claim for relief.  Section 1983 actions premised on malicious prosecution, false arrest, and/or false imprisonment are analyzed as actions claiming unreasonable seizures in violation of the Fourth Amendment.  *See Brown v. Gilmore*, 278 F.3d 362, 367–68 (4th Cir. 2002) (recognizing that a plaintiff alleging a § 1983 false arrest claim needs to show that the officer decided to arrest him without probable cause to establish an unreasonable seizure under the Fourth Amendment).  A subsequent conviction generally bars a false arrest claim.  *See Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996).  "[I]f an arrested individual is later convicted for the offense, that conviction 'determines conclusively the existence of probable cause' at the time of the arrest, 'regardless of whether the judgment is later reversed.'"  *Moment v. Enterprise Car Rental Corp.*, Civil Action No. 23-cv-03505-LKG, 2024 WL 4349728, at *8 (D. Md. Sept. 30, 2024) (quoting *Asuncion v. City of Gaithersburg*, 1996 WL 1842 (4th Cir. Jan. 3, 1996)).

Plaintiff was arrested on six charges, and he was convicted on four of those charges— three brought by Officer Bowers, and one brought by Officer Wolverton.  For Fourth Amendment purposes, an arrest on multiple charges is a "single transaction," and "probable cause will be found to exist, so long as it existed for at least one offense."  *Sturdivant v. Dale*, Civil Action No.: 4:10-cv-3263-BHH-TER, 2016 WL 11410292, at *5 n.5 (D.S.C. May 31, 2016) (citing *Calusinski v. Kruger*, 24 F.3d 931 (7th Cir. 1994)).  The convictions thus invalidate plaintiff's claims for false arrest, unless the convictions were procured by fraud or other unfair means.  *See Mosk v. Gaston Cty.*, 2018 WL 1566339, at *4 (W.D.N.C. Mar. 30, 2018) (citing

5

*Hoover v. Mcdowell Cty.*, No. 96-2566, 155 F.3d 559, 1998 WL 398825 (4th Cir. June 15, 1998)).  Holloway has not plausibly alleged that his convictions were obtained by fraud.  Moreover, plaintiff does not even plausibly allege that his arrests were without probable cause.  Instead, he simply alleges that he would not be found guilty of the charges brought against him.

For these reasons, the court will grant the motion to dismiss.[2]

### III.  CONCLUSION

The court will grant the motion to dismiss in an appropriate order.

Entered: September 26, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge

---

[2] Defendants have also construed Holloway's complaint as alleging a double jeopardy violation.  Such a claim would also be barred by *Heck v. Humphrey*.  *See, e.g.*, *White v. Hasson*, No. 1:10CV62-03-MU, 2010 WL 1006832, at *2 (W.D.N.C. Mar. 16, 2010) (finding that a "§ 1983 action is not the appropriate vehicle to address Plaintiff's double jeopardy claim" because it would "necessarily imply the invalidity of the prisoner's conviction or sentence" under *Heck*).